Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission reverses the Decision and Order of the Deputy Commissioner.
 *********** MOTION
For good cause shown, plaintiffs Motion to Amend his affidavit to include the names of Sgt. J.R. Langley and Officer J. Sauls is hereby ALLOWED.
 ***********
Based upon all of the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff is an inmate seeking compensation upon a theory of negligence on the part of two employees of defendant. Plaintiff alleges that defendant failed to provide a proper medical evaluation of his health condition, and that as a result he was improperly assigned a top bunk which was contraindicated by his pre-existing osteoarthritis of the spine. Plaintiff also claims that Correctional Officer Sgt. J.R. Langley refused to provide plaintiff with a bottom bunk.
2. When plaintiff was initially processed in 1994, he was assigned a bottom bunk bed due to an osteoarthritis condition of his spine. The bottom bunk assignment continued until 18 June 1996, when plaintiff was transferred to Green Correctional Institution in Maury, North Carolina. Upon entry into Green, a medical prescreening was conducted by correctional officers. Despite plaintiffs medical history and a B grade health rating from the facility to which he was previously assigned, the screening form indicates that plaintiff had no health problems, no medical problems, no diseases, and was taking no medication. Plaintiff testified that he was not asked any questions regarding his health during the prescreening process. The form was signed by Officer J. Sauls, who is not licensed to practice medicine.
3. Following the prescreening, plaintiff was assigned a top bunk. When he requested a change in his bed assignment, plaintiff was informed by Sgt. Langley that in order to obtain the change he needed a medical note. Before plaintiff was able to see a doctor, he developed a respiratory infection for which he was treated. In August 1996, plaintiff suffered an injury to his right shoulder. After that treatment was completed, plaintiff was issued a bottom bunk assignment on 9 August 1996.
4. Plaintiff contends that Sgt. Langley was negligent in making the decision to require a medical note prior to changing plaintiffs bed assignment, and Officer Sauls was negligent in failing to adequately examine plaintiffs medical history before filling out and signing the prescreening form which resulted in his top bunk assignment.
5. Plaintiffs failure to name Sgt. Langley and Officer Sauls as negligent employees of defendant in his affidavit is cured by the amendment to the affidavit herein allowed.
6. Plaintiff has failed to present evidence sufficient to show Sgt. Langley acted negligently in requiring a medical note to obtain a bottom bunk assignment.
7. Officer Sauls was negligent in failing to adequately examine plaintiffs medical records prior to or in conjunction with filling out the medical prescreening form. As a direct result of Officer Sauls negligence, plaintiff was assigned a top bunk which caused plaintiff pain and suffering due to his back condition.
 ***********
Based upon the foregoing findings of fact, the Full Commission enters the following:
 CONCLUSION OF LAW
1. Plaintiff has failed to meet his burden of proof that Sgt. Langley breached a duty owed to plaintiff which proximately resulted in damages to plaintiff. N.C. Gen. Stat. 143-291.
2. The actions of Officer Sauls in filling out plaintiffs medical prescreening form without adequately examining plaintiffs medical history as contained in his processing file constitutes negligence. Climbing in and out of the top bunk from 18 June to 9 August 1996 caused plaintiff pain and suffering. Accordingly, plaintiff is entitled to compensation under the Tort Claims Act for the pain and suffering which was a direct result of Officer Sauls negligence. N.C. Gen. Stat. 143-291.
 ***********
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
 ORDER
1. Defendant shall pay plaintiff the amount of $450.00 for pain and suffering which resulted from the negligence of its named employee.
2. Plaintiffs claim of negligence against Sgt. Langley is hereby dismissed.
3. Defendant shall pay the costs of this action.
This the day of April, 2001.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ LAURA K. MAVRETIC COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER